**Edna FORD, Boone County Development Company, John Doe, Jane Doe, Mary Doe, and James Roe, Plaintiffs-Appellants,**

v.

**BOONE COUNTY, Missouri, William M. Frech, Carolyn Lathrop, Richard Farmer, A. Perry Philips, Trustee, Ella M. Philips, and May Centers, Inc., Defendants-Respondents.**

No. WD 33652.

Missouri Court of Appeals,
Western District.

May 10, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied
June 28, 1983.

Application to Transfer Denied
Aug. 16, 1983.

David B. Rogers (argued) Smith, Lewis, Rogers & Beckett, Columbia, for plaintiffs-appellants.

Kandice Johnson (argued), Asst. Pros. Atty., and James C. Butcher (argued) Butcher, Cline, Mallory & Covington, Columbia, for defendants-respondents.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

Plaintiffs appeal from the order of the circuit court dismissing their petition challenging a rezoning order by the county court. The primary issue on appeal is which of two statutes governs the time for filing an appeal from an order of the County Court of Boone County rezoning a tract of land. We reverse and remand.

On July 21, 1980, the county court voted to rezone a tract of land in Boone County. Plaintiffs filed an unverified petition for review in Boone County Circuit Court on August 20, 1980, charging that the county court's order was illegal and praying for declaratory and injunctive relief.

Defendants filed a motion to dismiss on February 13, 1981, on the ground that the action was barred by § 49.230[1] which provides as follows:

> *Appeals from the decisions, findings and orders of county courts of a quasi-judicial nature[2] affecting private rights shall be made within ten days from the date of the decision,* findings or order by filing notice of appeal with the county court. The county court within thirty days after the appeal is taken, unless the matter is continued for cause by the county court, shall certify to the circuit court all documents and papers on file in the matter, together with a transcript of the evidence, decision, findings and order, which become the record of the cause. The circuit court shall proceed to hear and determine the case in the manner provided by section 536.140, RSMo. Appeal from the decision on review may be taken by the county court or other aggrieved party as in civil cases. (Emphasis added.)

On January 19, 1982, the circuit court agreed that § 49.230 with its ten-day limitation was controlling, and sustained the motion to dismiss. On February 1, 1982, plaintiffs filed a motion for leave to amend their first amended petition so that a verification could be added, and a motion for new trial or, in the alternative, to vacate judgment. The motion was overruled on March 8, 1982.[3]

1. All sectional references are to Revised Statutes of Missouri, 1978, unless otherwise indicated.

2. Although the exercise of zoning powers, including the enactment of ordinances amending a comprehensive plan, is a *legislative* function, *Strandberg v. Kansas City,* 415 S.W.2d 737, 742 (Mo.1967) (en banc), the determination of facts in regard to the rezoning of a particular tract is arguably quasi-judicial. Because of our holding as to the applicability of § 49.230 to zoning matters, *infra,* we need not decide this point. We note, however, the analogy between this situation and that in *State ex rel. State Highway Comm'n. v. Weinstein,* 322 S.W.2d 778, 783–84 (Mo.1959) (en banc), in which the Supreme Court stated that although the highway

commission's authority to locate, design, construct and maintain all state highways is legislative in nature, when the commission determines where to locate a particular pipeline, it is not deciding general policy but determining adjudicative facts concerning a particular party, and so is making a "quasi-judicial" decision.

3. Defendants make a rather novel argument that because no trial was held in this matter, a motion for new trial was inappropriate and did not extend the finality of the judgment for ninety days as provided in Rule 81.05(a), thereby making plaintiffs' notice of appeal on March 18, 1982, untimely. This contention is without merit. The rule specifically provides that "Authorized after-trial motions shall be treated as . . . a new trial motion for the purpose of as-

On appeal, plaintiffs assert that § 64.-870.2 rather than § 49.230 governs the procedure for judicial review in zoning cases. Section 64.870.2, providing for review of decisions of county boards of zoning adjustment or county courts, was adopted as part of the Boone County Zoning Regulations as follows:

> Any owners, lessees, or tenants of buildings, structures or land jointly or severally aggrieved by any decision of the Board or of the County Court, respectively, under the provisions of this ordinance, or Board, Commission or other public official, may present to the Circuit Court a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom. Upon the presentation of the petition, the Court shall allow a Certiorari directed to the Board of Adjustment [or] of the County Court, respectively, of the action taken and data and records acted upon, and may appoint a referee to take additional evidence in the case. The Court may reverse or affirm or may modify the decision brought up for review.

■ Obviously, § 64.870.2 does not provide a specific time period in which review may be sought. Nevertheless, in *State ex rel. Day v. County Court of Platte County*, 442 S.W.2d 178 (Mo.App.1969), this court ruled at 182 that because § 64.660 (the section providing nearly identical review procedures for zoning decisions in class two and class three counties) provides no time limit for filing a petition, "it is not a complete provision for review," and must be read in conjunction with the Administrative Procedure Act (Chapter 536), specifically § 536.110, providing for the filing of a peti-

tion within thirty days of notice of an agency's final decision. Following the dictates of *Day*, then, the incomplete § 64.870.2 must be read in concert with § 536.110 to establish a thirty-day period "after the mailing or delivery of the notice of the agency's final decision" in which the proceedings for review must be instituted in the circuit court. Therefore, while § 49.230 would require an appeal from a county court decision within ten days, § 64.870.2 would allow thirty days.

Defendants suggest that rather than choose between § 49.230 and § 64.870.2 as the appropriate procedure, we should consider review of a zoning decision to be a two-step process beginning with § 49.230, requiring a filing of a notice of appeal in the county court within ten days, and followed by § 64.870.2, requiring the filing of a petition in the circuit court within thirty days. However neat and tidy such a construction might be, we cannot agree that the plain language of the sections would so permit. Under § 49.230, the county court is directed to certify to the circuit court all documents, transcripts and orders necessary for review. Under § 64.870.2, the circuit court is directed to issue a writ of certiorari to the county court so that it may inspect the data, records and actions taken. If step one (certification of the documents) had already occurred, step two (issuance of a writ of certiorari) would hardly be necessary. Further, § 49.230 leaves open the option to the county court to continue the case for cause. Section 64.870.2 provides no such option. We must conclude that although similar, the two remedies are inconsistent and certainly cannot be characterized as two steps of the same process. A choice between the two is necessary.

---

certaining the time within which an appeal must be taken ...." Plaintiffs' motion to vacate judgment, however it may be titled, was a legitimate after-trial motion extending finality for ninety days just as would a motion for new trial. *See Euge v. Golden,* 551 S.W.2d 928, 929–30 (Mo.App.1977), in which plaintiff's suit was dismissed on June 13, 1975. He filed a motion for rehearing or, in the alternative, for new trial on June 28. Citing Rule 81.05, and apparently unbothered by the fact that no trial

actually had been held, the court held that because of the after-trial motion, the dismissal did not become final until ninety days after plaintiff's motion. We would agree that not only Rule 81.05 but Rule 55.24, requiring that all pleadings shall be construed so as to do substantial justice, would so dictate. The title of plaintiffs' after-trial motion is, therefore, no obstacle to the extension of finality or to the timeliness of appeal.

In contrast to § 49.230 which provides a review procedure for *all* "quasi-judicial" decisions, § 64.870.2 specifically provides for relief for parties aggrieved by *zoning* decisions of a county court. A specific statute must prevail over a general one, *State ex rel. Fort Zumwalt School Dist. v. Dickherber*, 576 S.W.2d 532, 536 (Mo. 1979) (en banc), and primarily for this reason, we find § 64.870.2 controlling.

Defendants' reliance on two eastern district cases as holding that § 49.230 is controlling is misplaced. The first, *State ex rel. Ballard v. Luten*, 555 S.W.2d 855 (Mo. App.1977), considered whether § 49.230's general review provisions should apply to the vacating of a public street by the St. Louis County Council or whether the specific section governing review of orders vacating public roads, § 228.120, should apply. In holding that § 49.230 governed, the court did not rule that § 49.230 applies when specific sections exist, but found instead that the road in question did not come within the language of § 228.120 and, therefore, absent a specific statute, the more general section governed. By contrast, two years later, in a case where § 228.120 was squarely on point, this court held that its specific provisions must be complied with rather than § 49.230. *Hedges v. County Court for Ray County*, 581 S.W.2d 73, 79 (Mo.App.1979).

In defendants' second case, *Alpha Portland Cement Co. v. Missouri Dep't of Natural Resources*, 608 S.W.2d 451, 454 (Mo.App. 1980), plaintiff-landowners sought review under § 49.230 of a ruling by the St. Louis County Council granting Alpha Portland a conditional permit to extract sand and gravel. On appeal, the defendants argued that the action of the council was not appealable under § 49.230 because the proper method was provided exclusively under the Administrative Procedures Act (Chapter 536). The court disagreed, noting that because the plaintiffs complied with the requirements of § 49.230 (ten days), which are more stringent than those of Chapter 536 (thirty days), "it is of little moment whether this case is regarded as being initiated under the former or the latter."

Further, rather than finding § 49.230 to be the exclusive remedy, as defendant suggests, the court at 454 expressly found the matter reviewable under Chapter 536 with its thirty-day provision.

We are convinced that the Boone County Zoning Regulation modeled after § 64.870.2, specifically providing for review of zoning decisions in that county, is controlling, and that aggrieved parties have thirty days in which to comply with its provisions. Plaintiffs' petition, therefore, was timely when filed within the thirty-day period. The trial court erred in dismissing the petition on the ground that it was filed outside the ten-day period of § 49.230.

Accordingly, this cause is reversed and remanded to the circuit court for further proceedings. On general remand, amendments of pleadings are permissible. *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 83 (Mo.App.1979). Plaintiffs will have the opportunity to seek leave to amend and verify their petition at that time.

All concur.