**HOME BUILDING COMPANY,**
**Plaintiff-Appellant,**

v.

**CITY OF KANSAS CITY, Missouri, A**
**Municipal Corporation, et al.,**
**Defendants-Respondents.**

**No. WD 33187.**

Missouri Court of Appeals,
Western District.

Jan. 17, 1984.

As Modified Feb. 28, 1984.

Application to Transfer Denied
April 16, 1984.

Dennis L. Davis, Martin J. Modrcin, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, for plaintiff-appellant.

Richard N. Ward, City Atty., Galen Beaufort, Asst. City Atty., Kansas City, for defendants-respondents.

Before SHANGLER, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

In this declaratory judgment action, appellant Home Building Company sought judicial relief from zoning restrictions on the use of acreage owned by the company in Clay County. The suit charged the zoning ordinance to have been unreasonable, arbitrary and capricious as applied to the tract in issue. The trial court entered judgment adverse to the petition claims and Home Building Company appeals. The judgment is reversed.

The case reaches this court for a second time, the first appeal being reported in *Home Building Company v. City of Kansas City*, 609 S.W.2d 168 (Mo.App.1980). That appeal followed entry of summary judgment for the city. The case was remanded for trial on the merits because neither party by pleadings, affidavits and agreed facts had shown entitlement to judgment by unassailable proof. The current judgment follows trial on the merits after the prior remand.

The facts of the case are set out in the previous opinion and will not be repeated. Suffice it to say for purposes of this opinion that the land in question is unimproved, is within the limits of Kansas City and is and for some years past has been zoned District R–1b, single family dwellings. Appellant sought approval of a use variant or exception known as a "Community Unit Plan." Although not strictly a rezoning because the district remains classified R–1b, a community unit plan is available only with council approval. The significant feature of the plan is the inclusion of multi-family structures in an area otherwise restricted against such use. For purposes of judicial review, this case is equivalent to a proceeding for rezoning.

Appellant's development proposal pended before various city departments for a sub-

stantial period of time and was modified to meet requirements imposed at successive intervals. Ultimately, the plan reached the city council where it was approved by majority vote. A super-majority, as required by reason of protests by nearby property owners, was not achieved, however, and the proposal was therefore defeated. This suit followed.

The thrust of appellant's evidence at trial was to support a thesis that a single family dwelling configuration for development of this 47 acre tract was not economically feasible. Appellant's witnesses testified as to estimated costs for grading, installation of utilities and the expense of streets, sidewalks and culverts and after allowance for ground cost, expressed the opinion that the number of lots developed would not warrant the investment. The city offered no evidence.

The judgment of the trial court found that Home Building Company had not carried its burden of proof and held that the failure by the city to approve appellant's development plan was reasonable and a lawful exercise of zoning power and did not constitute a taking of appellant's property without compensation or without due process of law. The judgment made no finding as to credibility of witnesses and found no fact contrary to the testimony of any witness.

Deficiencies in the presentation of this case have posed obstacles to consideration of this appeal and require discussion to establish the approach taken in this opinion.

As will hereafter appear under the authorities cited, the property owner seeking judicial relief from a denial of rezoning must first prove the existing zoning to be arbitrary and unreasonable. In this phase of the case, the governmental authority enjoys the benefit of a presumption that the existing zoning is lawful and reasonable and need offer no evidence. If, however, the property owner's evidence rebuts the presumption, the issue for decision then is whether maintenance of the existing zoning is a fairly debatable proposition. The governmental authority need only show the fairly debatable character of the zoning classification in order to prevail, but it enjoys no presumption as to this issue. If the property owner proves the existing zoning to be arbitrary and unreasonable and that is the only evidence in the case, the property owner is entitled to prevail. It is only after this determination is reached that evidence and contention concerning denial of the requested zoning is pertinent. A failure by the parties and the trial court to recognize this division of issues has been the primary source of confusion in the case.

The lack of perception by appellant of the proposition summarized above is demonstrated by appellant's statement of the point on appeal. The point is set out in appellant's brief as follows:

"The trial court erred in entering judgment for respondents because the evidence established that respondents acted unreasonably and arbitrarily in refusing to rezone appellant's property in that the evidence showed the detriment to appellant caused by the continuance of the present zoning greatly outweighed any benefit to the general public and that this was not even a fairly debatable issue."

In addition to the failure of the point to comply with Rule 84.04(d) in that it does not set out wherein and why the judgment of the trial court is in error, it erroneously assumes entitlement of appellant to judicial rezoning on proof the existing zoning was unreasonable. To some extent, this confusion is not entirely attributable to appellant but is a reflection of the judgment which failed to rule at all on the reasonableness of the present zoning.

In exercising our discretion to consider this appeal on the merits notwithstanding the deficiencies in presentation of the case, several factors have been considered. Respondent, apparently perceiving no shortcomings in the brief and presentation, has taken no issue with the inadequate statement of the point but has responded to appellant's contentions. The case has been

pending more than six years and, including the time prior to suit when the matter was pending before respondent's commission and the council, appellant's development plan has pended far .longer. While this opinion is in part the product of the court's analysis and does not wholly conform to the arguments presented by the parties, this disposition is deemed appropriate as the only alternative to dismissal of the appeal.

Certain legal principles are applicable to this controversy and they are summarized as follows.

 A zoning ordinance is presumed to be valid and one who challenges the reasonableness of the ordinance has the burden of proof. *Flora Realty and Investment Co. v. City of Ladue*, 362 Mo. 1025, 246 S.W.2d 771, 778 (En banc 1952). Review of zoning decisions involves a two-step process. First the court considers the evidence of the property owner to determine whether the presumption of the reasonableness of the present zoning has been rebutted. Second, the court considers the defendant's evidence to determine if continuance of the present zoning is a fairly debatable issue. *Despotis v. City of Sunset Hills*, 619 S.W.2d 814 (Mo.App.1981). If substantial evidence supports both sides in a rezoning controversy, then the legislative determination is conclusive. *Erigan Co. v. Town of Grantwood Village*, 632 S.W.2d 495 (Mo.App.1982).

 Although the presumption of validity of a zoning ordinance is rebuttable, ordinarily it obtains unless there is a clear showing that the ordinance is arbitrary, unreasonable or invalid. The presumption of validity cannot be lightly cast aside. 6 McQuillin, *The Law of Municipal Corporations*, § 25.295 (1976). The bulk of decisions hold that the invalidity of a zoning ordinance must be established by clear and convincing evidence. 82 Am.Jur.2d, *Zoning and Planning*, § 28 (1976).

 Application of these principles to the present case may have been clouded by the fact that appellant was not seeking

formal rezoning, only approval of the community unit plan. As the prior opinion in this case noted, however, *Home Building Company v. City of Kansas City, supra* at 172, the procedure for approval of the plan entails essentially the same legislative action as rezoning and is the equivalent for purposes of judicial review.

Whatever may have been the cause, the trial court made no finding on the threshold issue of whether appellant had overcome the presumption and had shown maintenance of the single family dwelling restriction to be unreasonable. Instead, the court found appellant had not proved the reasonableness of its community unit plan. This approach bypasses the first step in zoning review, the present zoning classification, and denies a contestant potential relief on proof that existing zoning is unreasonable irrespective of what use the contestant may propose as an alternate.

Appellant's evidence in the case was minimal and may have contributed to the erroneous aspect of the judgment noted above because the proof focused on comparative development costs of single family and multi-family residence units. The evidence did, however, show that the cost of general improvements to provide building lots for single family residences under the existing zoning was not economically feasible. That opinion was expressed by appellant's witnesses using construction cost estimates and expressing their judgment as to the expense which could prudently be incurred for the number of lots available. There was no countervailing proof and, hence, no contest as to these facts in the absence of any evidence from respondent.

 As will be discussed infra, the primary function of the court in review of zoning cases is to consider the reasonableness of existing zoning and to avoid usurpation of the legislative prerogative of enacting zoning. Disregarding evidence as to the merits of appellant's community unit plan, the only evidence in the case was that single family lots could not be developed on the subject land because rough terrain, a water course and the requirements im-

posed by respondent made the cost per lot prohibitive. The trial court should have found that the existing zoning was unreasonable and that continuance of that zoning was not a fairly debatable question.

Respondent contends appellant's evidence as to land development costs, numbers of dwelling units and their cost as well as the potential return in sales were the property to be developed in single family residences was lacking in detail and not probative of the claim of economic deprivation. It appears to be respondent's contention that the judgment is entitled to affirmance because appellant did not offer substantial evidence to prove the existing zoning rendered the land economically unusable. This view of the case necessitates consideration of the scope of review under the record presented.

As was previously noted, the trial court expressed no judgment on the basic question at issue, that is, whether the existing zoning on the property was unreasonable. We are therefore obligated to reverse the judgment in any event because of the erroneous conclusion by the trial court that the issue turned on the reasonableness of appellant's community unit plan. That disposition, however, is not appropriate first, because it is not sought by either party to the case and second, because the evidence, if of probative force, leads to only one possible result.

This is not a case in which the trial court judgment is entitled to deference. As was noted earlier, the judgment expresses no findings contrary to the factual testimony of appellant's witnesses on economic feasibility, no opinion was expressed on the credibility of witnesses and there was no conflicting testimony presenting any issue of fact. The case is similar to *Huttig v. City of Richmond Heights*, 372 S.W.2d 833, 839 (Mo.1963) where it was observed that the questions are rather those of judgment and the logic in expert opinions. There simply was no evidence in the case to contradict the opinion testimony of appellant's witnesses.

Respondent also argues that the presumption of validity in the existing zoning was not overcome, notwithstanding proof of the economic unsuitability of the land for single family homes. This follows, according to respondent, because appellant did not prove the public benefit of the existing zoning and thus there was no basis to measure private detriment against public benefit. The argument conforms to respondent's position at trial of offering no evidence but relying entirely on the presumption of validity in the existing zoning.

The public benefit from existing zoning is itself a presumption, and no more, without proof adverse to the interests of the zoning contestant. There is no obligation on the part of the property owner, as respondent appears to contend, to offer this evidence favorable to the adversary. In the absence of evidence of particular benefit to the public from the existing zoning, evidence in the interest of and therefore the burden of the governmental entity, the public benefit is only that attributable to zoning in general. That benefit is greatly outweighed by the detriment to appellant if, as the evidence showed, the zoning denies appellant use of the property.

Despite the lack of evidence by respondent, however, the record in the case does include some information of a localized nature bearing on the public benefit-detriment question. The evidence came, somewhat inadvertently, in connection with presentation of appellant's community unit plan. That evidence showed the land surrounding the subject tract to be partially developed and partially vacant. Uses on the developed tracts included single family homes, a church, a parochial school, office and apartment buildings and commercial structures, including gasoline stations. The protesters who appeared before the city council in opposition to appellant's development were owners of single family residences adjacent to appellant's land. They objected to any plan not limited to single family residences on the basis that other types of usage would adversely affect property values.

Nothing in this record suggests any unusual public benefit from maintenance of the existing single family zoning, particularly in view of the prospect, even under appellant's community unit plan, that residential usage will be continued.

■■■ In the face of the uncontroverted evidence by appellant that there is no economic possibility to develop this property in conformity with the present zoning and in the absence of any demonstrated, localized benefit to the public at large from maintenance of single family residential zoning as contrasted with some alternative residential use, it is inescapable that appellant has overcome the presumption of validity as to the R–1b zoning classification. It also must follow, with no evidence by respondent to consider, that continuance of the present zoning is not a fairly debatable issue. The trial court therefore erred in failing to declare that maintenance of the present zoning classification is unreasonable and arbitrary.

This disposition does not end the controversy, in part because of appellant's approach to the case and in part because of limitations on the extent of judicial intervention in zoning matters. It has been appellant's claim that the unreasonableness of respondent's zoning ordinance is exemplified by the rejection of appellant's community unit plan. In the course of advancing that contention, appellant necessarily adduced the evidence described previously in this opinion and proved the present zoning, limited to one family residences, to be unreasonable. The ultimate relief sought by appellant throughout, however, has been a judicial direction for approval of the community unit plan. The statement of the point on appeal quoted earlier focuses on this claim of error in the failure of the trial court to declare the unreasonableness in respondent's refusal to rezone the property.

■■■ There is substantial authority holding it not to be the function of the court to prescribe what zoning shall be applied to particular property. Judicial review in zoning cases is limited to considera-

tion of existing zoning which may, as here, be activated by a refusal of the municipality to rezone. The limit of relief in the declaratory judgment suit, after determination that existing zoning is unreasonable, is to require the governmental authority to place a reasonable zoning classification on the property. *Loomstein v. St. Louis County*, 609 S.W.2d 443, 452 (Mo.App. 1980).

In the present case, that disposition is particularly appropriate. The community unit plan in its original form was first presented to respondent more than nine years ago. The vote of the city council which accomplished rejection of the plan was early in 1977. Apart from any other considerations, it is obvious that changes which may affect adaptability of the property to various uses may have occurred. Certainly the evidence in this record does not demonstrate that the only reasonable use of the property even for multi-family structures is that described in the community unit plan considered by the city council in 1977. In consequence, we hold only that maintenance of the current R–1b zoning is unreasonable and that respondent place a reasonable zoning classification on the property either by accepting some variant of multi-family structure development within the existing zoning or by re-zoning as the facts may indicate.

The judgment is reversed and the cause is remanded with directions to enter judgment in accordance with this opinion.

All concur.