**John BOWMAN, Plaintiff-Appellant,**

v.

**GREENE COUNTY COMMISSION, Defendant-Respondent.**

**No. 14954.**

Missouri Court of Appeals, Southern District, Division Two.

June 9, 1987.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for plaintiff-appellant.

Theodore L. Johnson, III, John W. Housley, Springfield, for defendant-respondent.

MAUS, Judge.

The appellant John Bowman filed an application with the Greene County Planning Commission to rezone a tract of approximately 17 acres from A–1 (agriculture) to R–3 (multi-family residential). That relief was recommended by the Planning Commission. § 64.271. The members of the County Commission disqualified themselves. Upon certification to the circuit court under § 49.220, the circuit judges of Greene County disqualified themselves from acting as the County Commission. Upon his transfer by the Supreme Court,[1] the matter was determined by Hon. Dean Whipple, one of the judges of the 26th Circuit acting as the County Commission. He denied the application for rezoning. Appellant's petition filed in the circuit court was dismissed by that court. The appellant asks this court to reverse the dismissal and order the County Commission of Greene County to approve the application.

The dismissal of the petition was based upon a determination that the circuit court had no jurisdiction to review the determination of the Hon. Dean Whipple acting as a circuit judge of that court. This requires consideration of § 49.220.

When this section was initially enacted, the county court had an area of judicial power. Neither party contends the section is only applicable to proceedings judicial in nature and is inapplicable to the adoption or amendment of zoning regulations. Cf. *State ex rel. Morrison v. Stanton*, 235 Mo. 222, 138 S.W. 337 (banc 1911); *Dietrich v. Brickey*, 48 S.W.2d 69 (Mo.App.1932). Nor does either party contend the section, as applied, is an improper assignment of the powers of government contrary to Mo. Const. art. II, § 1 (1945). Cf. *State ex rel. Danforth v. Cason*, 507 S.W.2d 405 (Mo. banc 1973); *State ex rel. Fire Dist. of Lemay v. Smith*, 353 Mo. 807, 184 S.W.2d 593 (banc 1945); *Birmingham Drainage Dist. v. Chicago, B. & Q.R. Co.*, 274 Mo. 140, 202 S.W. 404 (1917); *State ex rel. Manning v. Higgins*, 125 Mo. 364, 28 S.W.

638 (1894); 16 Am.Jur.2d Constitutional Law § 356 (1979). Further, neither party questions the efficacy of the petition, as distinguished from other remedies, such as an action for declaratory judgment, to attack the refusal of a county commission to order rezoning. Cf. *Allen v. Coffel*, 488 S.W.2d 671 (Mo.App.1972), 69 A.L.R.3d 794 (1976); *State ex rel. Cooper v. Cowan*, 307 S.W.2d 676 (Mo.App.1957); *State ex rel. Croy v. City of Raytown*, 289 S.W.2d 153 (Mo.App.1956).

The case is presented upon the basis that § 49.220 is valid and applicable and the issues briefed are before this court. It has been so considered, but this opinion should not be construed as determining by implication any issue other than the expressed basis for affirmance.

The appellant's first point is that the dismissal of the petition was error. The respondent contends the dismissal was required for the reason assigned by the circuit court. This contention cannot be sustained.

The adoption of or refusal to adopt an order amending a zoning order is legislative in nature. "It is well established in Missouri that the exercise of the zoning powers delegated to cities including the enactment of ordinances amending the comprehensive plan is a legislative function." *Strandberg v. Kansas City*, 415 S.W.2d 737, 742 (Mo. banc 1967). "Zoning, rezoning, and refusals to rezone are legislative acts." *Erigan Co., Inc. v. Town of Grantwood Village*, 632 S.W.2d 495, 496 (Mo.App.1982). With respect to zoning and rezoning, the County Commission also acts as a legislative body. *Casper v. Hetlage*, 359 S.W.2d 781 (Mo.1962). "Zoning is a legislative function and a court upon review can only determine whether the legislative body exercised its powers arbitrarily or unreasonably." *State ex rel. Kolb v. County Court of St. Charles*, 683 S.W.2d 318, 321 (Mo.App.1983). The rejection of the proposed zoning order by Hon. Dean Whipple, acting for or in place of the Coun-

---

1. Neither the request for or order of transfer takes cognizance of the fact the transferred judge was to act as the County Commission.

ty Commission, was legislative in nature. Such legislative action is subject to appropriate judicial review.

Not all decisions of the County Commission are legislative in nature. Cf. *State ex rel. Dietrich v. Daues,* 315 Mo. 701, 287 S.W. 430 (banc 1926) and *Bunker R–III School Dist. v. Hodge,* 709 S.W.2d 884 (Mo. App.1986). For example, a determination to issue a "conditional use" permit is an administrative decision "quasi-judicial" in nature. *State ex rel. McNary v. Hais,* 670 S.W.2d 494 (Mo. banc 1984). Further, "the power to prescribe a salary as an incident to a public office is purely legislative in character." *State ex rel. Dietrich v. Daues,* supra, 287 S.W. at 431. The appropriate remedy for judicial review varies according to the function of the County Commission in making the determination. Cf. *State ex rel. McNary v. Hais,* supra; *In Re Village of Lone Jack,* 419 S.W.2d 87 (Mo. banc 1967); *Bradford v. Phelps County,* 357 Mo. 830, 210 S.W.2d 996 (1948). "[T]here are different types of relief that must be sought depending on the nature of the zoning action taken, each of which has its own procedure requirements. Failure to choose the correct course of action can result in waiver of any rights to administrative or judicial review." Mo. Local Government Law, § 6.31 (Mo.Bar 2d ed. 1986).

The introductory paragraph of appellant's petition recites that he seeks judicial review pursuant to § 64.281. The body of the petition states that appellant filed a notice of appeal pursuant to § 49.230. The prayer was for the circuit court to order the subject property "be zoned R–3, because it would be manifestly unfair to deny Plaintiff-Appellant this reasonable use of his property."

Prior to an amendment effective in 1983, § 49.230 provided for "[a]ppeals from the decisions, findings or orders of county courts of a quasi-judicial nature...." The section was held applicable to administrative decisions, including those dealing with some issues pertaining to zoning, of a judicial nature made by county commissions. *State ex rel. McNary v. Hais,* supra. However, it did not authorize appeals from legislative or discretionary determinations by county commissions. *State ex rel. Dietrich v. Daues,* supra; *Bradford v. Phelps County,* supra.

The section now provides "[a]ppeals from the decisions, findings and orders of county commissions shall be conducted under the provisions of chapter 536, RSMo." § 49.-230. See *Opponents To Petition For Formation Of Community Care Nursing Home District v. Petitioners for Formation Of Community Care Nursing Home District,* 564 S.W.2d 552 (Mo.App.1978). By its terms, the section is applicable to all decisions, orders and findings of the county commission. Nonetheless, to observe the separation of powers of government it is logical to confine the scope of that section to administrative decisions coming within the scope of chapter 536. This result is implied in the language of the amended section. However, in view of the issues raised and presented by appellant's petition, that is a question that need not be expressly decided.

■ The bulk of § 64.281 is devoted to provisions for a board of zoning adjustment and special use permits. However, § 64.281.4 provides:

Any person aggrieved by any decision of the county board of zoning adjustment, or of the *county commission,* or of any officer, department, board or bureau of the county, may present to the circuit court having jurisdiction in the county in which the property affected is located, a petition in the manner and form provided by section 536.110, RSMo. (emphasis added).

The board of zoning adjustment has no legislative power. *Rosedale-Skinker Imp. Ass'n v. Board of Adjustment of City of St. Louis,* 425 S.W.2d 929 (Mo.1968). It functions as an administrative body. *Id.* In some circumstances, in respect to zoning, a county commission functions in an administrative capacity. *State ex rel. McNary v. Hais,* supra. It is clear that § 64.281 provides for judicial review of administrative zoning decisions of either the board of zoning adjustment or the county

commission. *State ex rel. McNary v. Hais,* supra; *State ex rel. Crouse v. City of Savannah,* 696 S.W.2d 346 (Mo.App.1985); *Miller v. Browning-Ferris Industries,* 674 S.W.2d 150 (Mo.App.1984).

Without express consideration of the nature of the proceeding under review, petitions filed pursuant to § 49.230 and § 64.281 and similar statutes have consistently been considered for the determination of the validity of an order approving, as distinguished from denying, rezoning. *State ex rel. Kolb v. County Court of St. Charles,* supra; *Ford v. Boone County,* 654 S.W.2d 169 (Mo.App.1983); *State ex rel. Cooper v. Cowan,* supra.

"The legislative body has the duty to determine the use classification for any particular area. Unless it appears that the determination by that body is arbitrary and unreasonable, the court cannot substitute an opinion for the council's determination. If the council's action is fairly debatable, the court cannot substitute its opinion.... These concepts apply equally to rezoning and refusal to rezone." *Tealin Co. v. City of Ladue,* 541 S.W.2d 544, 548 (Mo. banc 1976).

▆▆▆ In this case the circuit court declared that even if it considered the merits of the appellant's petition, the relief sought would be denied. A detailed statement of the evidence is not required. The appellant argues that rezoning to R–3 is necessary to profitably develop the subject property, considering the price paid for it or its value if so rezoned. The fact appellant will suffer a financial detriment is to be considered, but is not conclusive. *Loomstein v. St. Louis County,* 609 S.W.2d 443 (Mo. App.1980). Rezoning the 17 acres to R–3 was contemplated to result in the construction of 248 apartment units. There was evidence from which Judge Whipple, as the County Commission, could reasonably conclude such rezoning would have the following adverse considerations to others. The area was served by a road inadequate for existing uses which include a high school. The contemplated high density apartment units would result in a serious traffic hazard. Such development would create problems of drainage. That area classified R–3 would not be a proper "buffer" between the "grandfathered" commercial property on the north and A–1 and R–1 property to the east and south of the subject property. It should be noted that the property is adjoined by a limited access highway on the west. It could also be found that such rezoning would result in substantial detriment to the existing uses of property within the immediate area. As the circuit court concluded those considerations establish the refusal to rezone to R–3 was fairly debatable and that Judge Whipple's decision should be affirmed. Compare the facts in *McDermott v. Village of Calverton Park,* 454 S.W.2d 577 (Mo. banc 1970) and *Wrigley Properties, Inc. v. City of Ladue,* 369 S.W.2d 397 (Mo.1963).

However, even assuming § 49.230 or § 64.281.4 provides for judicial review of the adoption of an order rezoning property, the action of the circuit court in dismissing the petition must be affirmed. Some jurisdictions tend to regard the determination of zoning applicable to a single tract as administrative or judicial rather than legislative. See *State ex rel. Hickman,* supra, and Rathkopf, The Law of Zoning and Planning § 27A.05 (Cum.Supp.1986). However, as stated, "It is well established in Missouri that the exercise of the zoning powers delegated to cities including the enactment of ordinances amending the comprehensive plan is a legislative function." *Strandberg v. Kansas City,* supra, at 742. It is the opinion of this court that the determination of a zoning classification is in the nature of a legislative function properly left in the hands of locally elected officials, subject only to the limited judicial review mentioned above.

Limitations upon the authority of the judiciary to rezone have received the following expressions.

We are aware of no authority which permits a court to amend or require the amendment of a legislative enactment. Such authority would appear to run counter to the doctrine of separation of powers. Courts obviously have the power to declare a legislative enactment void or

invalid as contrary to constitutional mandates. But ordering the amendment of an enactment is, in essence, legislating, which is not the function of a court. *Treme v. St. Louis County*, 609 S.W.2d 706, 710 (Mo.App.1980). "Although we may address the reasonableness of the current zoning of plaintiffs' parcel, it is not our function to prescribe what commercial use shall be permitted on this parcel." *Loomstein v. St. Louis County*, supra, at 452.

There is substantial authority holding it not to be the function of the court to prescribe what zoning shall be applied to particular property. Judicial review in zoning cases is limited to consideration of existing zoning which may, as here, be activated by a refusal of the municipality to rezone. The limit of relief *in the declaratory judgment suit*, after determination that existing zoning is unreasonable, is to require the governmental authority to place a reasonable zoning classification on the property.

*Home Building Co. v. City of Kansas City*, 666 S.W.2d 816, 821 (Mo.App.1984) (emphasis added). See *Huttig v. City of Richmond Heights*, 372 S.W.2d 833 (Mo. 1963); *Herman Glick Realty Co. v. St. Louis County*, 545 S.W.2d 320 (Mo.App. 1977); Rathkopf, The Law of Zoning and Planning, § 27.04[c].

The legal issue of the validity of the existing zoning of the subject property was not before the County Commission. It was not before the circuit court. The judgment of the circuit court dismissing the petition is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.