**Sam SALAMEH & Yusra A. Salameh, his wife, Appellants,**

v.

**COUNTY OF FRANKLIN, et al., Respondents.**

**No. 54721.**

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1989.

Application to Transfer Denied April 18, 1989.

Timothy Joseph Melenbrink, Union, for appellants.

Gordon Rolla Upchurch, Union, for respondents.

CARL R. GAERTNER, Judge.

Plaintiffs filed this action seeking a declaratory judgment following the denial of their application for a rezoning of their property from Suburban Development District (residential) to Community Development District (commercial). The trial court concluded it had no jurisdiction and sustained the defendants' motion to dismiss. We reverse and remand.

Plaintiffs alleged in their petition that for approximately 15 years they owned a parcel of real property wholly situated within an area zoned for residential purposes under the Franklin County Zoning Order of November, 1986, which regulated land usage throughout the county to specified purposes in designated areas. On March 12, 1987 plaintiffs applied for a rezoning of their property to a community development classification to permit commercial development. On May 19, 1987 the Franklin County Planning and Zoning Commission recommended the rejection of this application. On June 1, 1987 the Franklin County Commission adopted this recommendation and issued an order rejecting the application for rezoning. On November 10, 1987 plaintiffs filed this petition alleging that prohibiting the commercial development of their property under the existing zoning order is arbitrary, unreasonable, and unconstitutional. The trial court ruled the petition was untimely filed and sustained defendants' motion to dismiss. This ruling was predicated upon *Ford v. Boone County*, 654 S.W.2d 169 (Mo.App. 1983) which held that the absence from § 64.870.2 RSMo.1978 of any time limitation in which to file a petition for review of a county commission zoning order required that statute to be read in *in pari materia* with Chapter 536. Therefore, the *Ford* court and the trial court in the instant case concluded the 30–day limitation for the filing of a petition for review as set forth in § 536.110.1 was equally applicable to a certiorari proceeding under § 64.870.2.

The court erred in construing plaintiffs' petition for declaratory judgment as an appeal from the June 1, 1987 order of the County Commission which denied plaintiffs' application for rezoning. Rather, the petition, after alleging the exhaustion of available administrative remedies through the application for rezoning, seeks a declaration that the existing zoning order of November 18, 1986, as applied to their property, is arbitrary, unreasonable, and an unconstitutional deprivation of their property rights.

It is well established in Missouri that zoning and rezoning determinations are legislative functions. *Strandberg v.*

*Kansas City,* 415 S.W.2d 737, 742 (Mo.banc 1967); *Bowman v. Greene County Commission,* 732 S.W.2d 223, 224 (Mo.App. 1987). Generally, judicial review of legislative zoning actions is most often accomplished through an action for declaratory judgment. Mo.Local Government Law, § 6.32 (Mo.Bar 2d ed. 1986); 2 A. Rathkopf, The Law of Planning and Zoning, § 27.04[5a] (1988). Statutory procedures providing for certification of the record to the circuit court or for judicial review of administrative agency decisions in contested cases are often inappropriate as means of providing for judicial review of legislative actions. First, the record of the proceedings before the legislative body may be incomplete or inadequate. Second, the scope of judicial review of administrative determinations, as authorized under § 536.140, is considerably broader than the review of legislative zoning actions, which looks only to the absence of a fairly debatable question which could render the actions arbitrary and unreasonable. *Ohmes v. Lanzarini,* 720 S.W.2d 425, 426 (Mo.App. 1986); *City of Ladue v. Horn,* 720 S.W.2d 745, 748 (Mo.App.1986). Review by certiorari is limited to *decisions,* that is, judicial acts of agencies, not the exercise of legislative power. *Allen v. Coffel,* 488 S.W.2d 671, 673 (Mo.App.1972).

Respondents argue that the rejection of plaintiffs' application for rezoning is not a determination of general policy but an adjudicative decision concerning a particular party and is therefore a quasi-judicial or administrative decision, rather that an exercise of legislative power. This argument is refuted by numerous Missouri decisions. *See Bowman v. Greene County Commission,* 732 S.W.2d at 224, and the cases cited therein.

Moreover, defendants' argument misperceives the subject matter of plaintiffs' cause of action. Plaintiffs' challenge is directed against the underlying comprehensive zoning order of November 18, 1986, as applied to their property. The application for rezoning of their property is a necessary exhaustion of administrative remedies prerequisite to their standing to attack the existing zoning ordinance. *Westside Enterprises, Inc., v. City of Dexter,* 559 S.W. 2d 638, 640 (Mo.App.1977); *County of Platte v. Chipman,* 512 S.W.2d 199, 204 (Mo.App.1974). The refusal to rezone plaintiffs' property serves to activate judicial review of the preexisting zoning. *Home Building Company v. City of Kansas City,* 666 S.W.2d 816, 821 (Mo.App. 1984).

Where the court finds a particular zoning order arbitrary and unreasonable as applied to certain property, judicial authority does not extend to ordering a specific rezoning, but is limited to declaring the legislation void or invalid. "We are aware of no authority which permits a court to amend or require the amendment of a legislative enactment. Such authority would appear to run counter to the doctrine of separation of powers." *Treme v. St. Louis County,* 609 S.W.2d 706, 710 (Mo.App.1980).

Therefore, since plaintiffs' action is not an appeal from the denial of their rezoning application, it is not governed by § 49.230 which provides "[a]ppeals from the decisions, findings, and orders of county commissions shall be conducted under of the provisions of Chapter 536 RSMo." [1] The trial court erred in applying the 30 day time limitation of § 536.110 to plaintiffs' action for declaratory judgment.

The dismissal of plaintiffs' petition is reversed and the cause is remanded for further proceedings.

PUDLOWSKI, C.J., and SATZ, J., concur.

---

1. Prior to its amendment in 1985, the scope of § 49.230 was limited to "[a]ppeals from the decisions, finding and orders of county commissions of a quasi-judicial nature affecting private rights ..." We recognize, as did the court in *Bowman v. Greene County Commission,* 732 S.W.2d at 225, that application of the procedure and scope of review set forth in Chapter 536, the *Administrative* Procedure and Review Act, to *legislative* decisions and orders raises the spectre of possible constitutional infringement upon the doctrine of separation of powers of government. As in *Bowman,* we do not reach the issue under the facts of this case.