STATE ex rel. Rowe BURNS, Relator,

v.

The Honorable Carolyn C.
WHITTINGTON,
Respondent.

No. SC 87962.

Supreme Court of Missouri,
En Banc.

April 17, 2007.

Thomas E. Schwartz, St. Louis, for Relator.

Reed W. Sugg, Jason D. McKnight, Timothy C. Sansone; John F. Cowling, Matthew S. Shorey, Armstrong Teasdale, St. Louis, for Respondent.

RICHARD B. TEITELMAN, Judge.

Relator Rowe Burns seeks a writ of mandamus requiring the Circuit Court of St. Louis County to transfer her wrongful death case to the Circuit Court of the City of St. Louis. This Court issued an alternative writ, and that writ is now made peremptory.

### FACTS

On August 22, 2005, Alfred Burns filed a petition in the circuit court of the City of St. Louis alleging that he sustained personal injury and developed leukemia

because of exposure to the Defendants' benzene-containing products. The alleged exposure occurred in St. Louis County. On August 28, 2005, the General Assembly amended the venue statutes. The amended statutes provide, *inter alia*, that tort cases be must be filed in the county where the plaintiff is "first injured." Section 508.010 RSMo Supp.2005.[1] The new venue statutes were made applicable to all "causes of action" filed after August 28, 2005. Section 538.305.

Alfred Burns died in January 2006. In March 2006, Relator filed an amended petition alleging wrongful death due to the benzene exposure. The amended petition did not add any defendants. Defendants filed a motion to transfer the case to St. Louis County arguing that the amended petition alleging wrongful death constituted a new "cause of action" and was, therefore, subject to the new venue statutes. The circuit court found that Relator's amended petition constituted a new cause of action and, pursuant to the new venue statutes, transferred the case to St. Louis County. The issue is whether Relator's amended petition asserting a wrongful death claim constituted a new cause of action requiring transfer to St. Louis County.

### ANALYSIS

■ Section 538.305 provides that the new venue statutes "shall apply to all causes of action filed after August 28, 2005." The statute does not define the term "cause of action." The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. *State v. Grubb*, 120 S.W.3d 737, 739 (Mo. banc 2003); *Emery v. Wal–Mart Stores, Inc.*, 976 S.W.2d 439, 449 (Mo. banc 1998). In the absence of statutory definitions, the

plain and ordinary meaning of a term may be derived from a dictionary, *American Healthcare Management, Inc. v. Director or Revenue*, 984 S.W.2d 496, 498 (Mo. banc 1999), and by considering the context of the entire statute in which it appears. *Butler v. Mitchell–Hugeback, Inc.*, 895 S.W.2d 15, 19 (Mo. banc 1995).

■ In the new version of section 508.010, the legislature employs the terms "suit," "claim," "civil action," and "cause of action." These terms are not defined and are not otherwise distinguished from one another. However, this Court has defined the term "cause of action" as "a group of operative facts giving rise to one or more bases for suing." *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002). A cause of action remains the same even though additional or different theories of evidence or law might be advanced to support it. Id. The term "cause of action" thus refers to the negligent act or omission, as opposed to the injury which flows from the tortious conduct. Although death is the necessary final event in a wrongful death claim, the cause of action is derivative of the underlying tortious acts that caused the fatal injury. Therefore, even though Relator filed an amended petition alleging wrongful death, her cause of action did not change because the lawsuit had been and still is based upon the same operative facts; namely, Mr. Burns' harmful exposure to the Defendants' benzene-containing products.

Relator's amended petition did not constitute a new cause of action. The new venue statutes are inapplicable. Consequently, Relator is entitled to writ of mandamus directing the circuit court of St.

---

**1.** All statutory citations are to RSMo Supp. 2005 unless otherwise indicated.

Louis County to transfer her lawsuit back to the circuit court of the City of St. Louis.

All concur.