Joseph G. **OHMES** and Estelle Ohmes Plaintiffs-Respondents,

v.

Allan **LANZARINI**; Ed Jacobi; William Mitschele; Steve Sebright; Len Pagano; John Hunt; Donald Aytes; John Wachter; City of St. Peters, Missouri, Tom W. Brown, Defendants-Appellants.

No. 51230.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 25, 1986.

Allen D. Kircher, St. Charles, for defendants-appellants.

Andrew H. McCulloch, St. Charles, for plaintiffs-respondents.

KAROHL, Judge.

Property owners, Joseph G. Ohmes and Estelle Ohmes, his wife, filed this declaratory judgment suit against the City of St. Peters (city), its mayor and the Board of Aldermen, § 527.010 RSMo 1978. The petition asked the circuit court to determine the rights and obligations of the parties arising from actions of the Board of Aldermen in denying a request for change of zoning. Plaintiff property owners requested the city to re-zone a one acre tract from "R-1 Single Family Dwelling" [R-1] to "C-2 Community Commercial District" [C-2]. The trial court found defendants' refusal to re-zone was arbitrary and unreasonable. It found the R-1 restrictions were unreasonable, arbitrary and confisca-tory. It enjoined enforcement of the City's Zoning Ordinance, as amended, to prevent use of the one acre tract as provided in C-2, Community Commercial District. The city appeals.

Plaintiffs do not contend the zoning ordinance is legally or constitutionally defective. Nor do they question the statutory authority of the city to employ zoning to promote health, safety, morals, or general welfare of the community, § 89.020 RSMo 1978. They contend the Ordinance, as applied to their property was an unreasonable, arbitrary and capricious exercise of zoning power granted in the statute.

The factual and legal basis of the city's position is: (1) zoning and refusal to re-zone are legislative acts, *Vatterott v. City of Florissant*, 462 S.W.2d 711, 713 (Mo. 1971), which are clothed in a presumption of validity, *Id.;* (2) legislative acts are judicially reversible only if arbitrary and unreasonable, *City of St. Joseph v. Hankinson*, 312 S.W.2d 4, 8 (Mo.1958), which means the decision of the legislative body is so erroneous as to not be fairly debatable, *Binger v. City of Independence*, 588 S.W.2d 481, 485 (Mo. banc 1979); (3) the legislative acts of zoning and re-zoning are subject to this judicial constraint, *Tealin Co. v. City of Ladue*, 541 S.W.2d 544, 548 (Mo. banc 1976); (4) the land owners-petitioners have the burden of proof of unreasonableness, *Id.;* (5) plaintiffs failed to rebut the presumption of validity and to prove that their property could not be developed as zoned for single family use [Point I on appeal]; and, (6) on the evidence it was fairly debatable that plaintiffs' property could be developed for single family use [Point II on appeal]. In summary, city contends that plaintiffs could utilize the tract for single family homes and that alone supports the legislative decision not to re-zone property that remained in an area that was generally residential although only partially developed. If city is correct, then the trial court improperly applied the law and substituted its judgment for that of the Board of Aldermen. *Tealin*, 541 S.W.2d at 548. We apply these

legal rules and find the narrow position of city untenable. We affirm.

■ As a preface to a review of the facts, it is noted that, almost by definition, the decision in cases with the present issues depends upon facts, circumstances and evidence in each case. *Loomstein v. St. Louis County,* 609 S.W.2d 443, 446 (Mo.App.1980). We must apply the noted legal rules to the facts and balance the interests of property owners with the public interests mentioned in § 89.020 RSMo 1978. *Huttig v. City of Richmond Heights,* 372 S.W.2d 833, 842–843 (Mo. 1963). Where re-zoning has been denied, property owners may overcome that decision only by evidence which rebuts the presumption of validity and there is no contra-evidence that the decision of the city is a fairly debatable exercise of its authority to zone.

This case was tried to the court on a stipulation of facts and testimony of witnesses for both sides.

The stipulated facts established: (1) on August 15, 1984, plaintiffs contracted to sell the one acre in question; (2) the sale was contingent on re-zoning to C–2 so as to permit construction of a convenience store with delicatessen and gasoline sales; (3) the one acre tract was in the most southwestern corner of 14 acres of plaintiffs' land and was located in the northeast quadrant of the intersection of Mexico Road on the south and Salt Lick Road on the west. Both roads are heavily traveled by motor vehicles; and, (4) no property owners in the vicinity of the tract who were notified by the city for the public hearing appeared in opposition to the petition.

Unopposed evidence supported finding on the following facts. Prior to the filing of the petition to re-zone, city adopted a "Comprehensive Plan for St. Peters, Missouri" which did not describe an existing zoning category for plaintiffs' land but described the property to the south and across Mexico Road as commercial. The Plan contained an exhibit for "Future Land Use" which designated plaintiffs' one acre tract to be commercial. The Plan described

land to the south and west of plaintiffs' tract as commercial. The one acre tract had a value of between twelve and twenty thousand dollars if utilized under R–1 zoning and $131,500 if re-zoned C–2 and sold under the sale contract. Both Mexico Road and Salt Lick Road were arterial roads and heavily traveled. The City Planner for St. Peters and Planning and Zoning Board of the City recommended re-zoning to C–2. There are "a string of businesses" across the road from the subject property, including a gasoline station.

■ We find the evidence sufficient to rebut the presumption of validity. It is similar to the evidence found sufficient in *Huttig v. Richmond Heights,* 372 S.W.2d 833, 840 (Mo.1963) and inapposite the evidence found insufficient in *Tealin Co. v. City of Ladue,* 541 S.W.2d 544, 550 (Mo. banc 1976). "The nature of the tract" [*Huttig* at p. 840] was as much commercial as residential in an area that was undeveloped north of and along Mexico Road but commercial on the south. Further, the Comprehensive Plan of the city had designated the subject acre for future development as commercial. The requested re-zoning was not contrary to existing or abutting uses as found controlling in *Tealin.* The existing and regional development was "basically commercial" as in *Huttig,* 372 S.W.2d at 840.

■ The remaining question is whether the city offered evidence that supports an opposing view, i.e., maintains a fairly debatable position to support the denial of re-zoning. It offered evidence that Salt Lick Road might be relocated. Significantly, it relied on the Comprehensive Plan which described future use of the subject acre as commercial and proposed relocation of Salt Lick Road. It also relied on the Comprehensive Plan to establish that a high school was planned in the northwest quadrant of the intersection involved. There was evidence of the obvious fact that a residence[s] could be built on the subject property. We do not find evidence of the possibility that the subject acre could be

developed as zoned, single family residential, in itself, sufficient to maintain the denial as based on a reasonably debatable ground. This evidence proves the obvious but leads no where. Given all the evidence, the mere possibility of development as zoned does not change the character of the land where there was no evidence whatever that maintaining R–1 zoning would promote the purposes of zoning set out in § 89.020 RSMo 1978. We have noted that the lot was located at the intersection of arterial roads and located across from commercial development. Further, previous activity of the city in the form of the Development Plan indicated the desirability of commercial development of the subject tract. The adoption of the plan and the recommendation of the City Planner and the Planning and Zoning Board was evidence from which the trial court could and did determine that maintaining R–1 zoning was unnecessary to promote health, safety, morals or general welfare of the community. There was no citizen protest against the re-zoning nor any from adjoining land owners. Denial of re-zoning would result in a substantial economic loss to plaintiff owners. This evidence supported the result reached by the trial court and the implicit determination that the issue was not fairly debatable. City has argued that the Plan did not require re-zoning. Although this is true, the city adopted the Plan and that is evidence that the re-zoning would be desirable for property already located in a generally commercial environment and not inconsistent with the statutory purposes of zoning.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.