**Bernard GERCHEN, Irma Gerchen and Charles M. Tureen, d/b/a Denny Road Joint Venture, Plaintiffs–Appellants,**

v.

**CITY OF LADUE, Defendant–Respondent.**

No. 55596.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Jan. 17, 1990.

Application to Transfer Denied March 13, 1990.

Theodore D. Ponfil, Clayton, for plaintiffs-appellants.

F. Douglas O'Leary, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Appellants, Bernard Gerchen, Irma Gerchen and Charles Tureen, are the sole partners in the Old Denny Road Joint Venture,

a Missouri partnership. Defendant/respondent, the City of Ladue, is a Fourth Class city located within the County of St. Louis. Appellants own the subject property, lots 11, 12 and 13 of the Alpine Park Subdivision according to the plat thereof recorded in Plat Book 153, page 72, of the St. Louis County records. The property contains 6.36 acres of land and is located on the western boundary of the city. Under the city's current zoning ordinance, Ordinance 1175, the subject property is restricted to use for single-family residential dwellings on lots of 1.8 acres or more.

In January, 1985, appellants filed a petition for a change in zoning with the city seeking to have the zoning for the subject property changed from "B" residential to "F" commercial. When the city refused to rezone the subject property, appellants filed a petition in the Circuit Court of St. Louis County seeking a declaratory judgment that the application of the current zoning restriction to the subject property is null, void, unreasonable and unconstitutional. Appellants also sought an order enjoining enforcement of the zoning ordinance with respect to the subject property. On September 7, 1988, the Circuit Court entered its findings of fact, conclusions of law, judgment and decree holding in favor of the City of Ladue. Appellants appeal.

The subject property is bordered on the west by Lindbergh Boulevard, on the north by the main branch and administrative offices of the St. Louis County Library, on the east by the Winding Ridge Subdivision, and on the south by the Babler Lane Subdivision. To the north of the property is the intersection of Lindbergh Boulevard and Clayton Road, and further north is the intersection of Lindbergh and U.S. Highway 40.

All the property north of the subject property and south of Highway 40 is zoned for and developed for commercial and public uses. To the immediate north of the County Library is the Mark Twain Bank Building; to the north of that is Schneidhorst's Restaurant which is at the intersection of Clayton and Lindbergh, further north between Clayton Road and Highway 40, is a commercial complex including a Schnuck's Supermarket and a bank building. To the south are homes of the Babler Lane Subdivision and the Special School District School.

Appellants submit that the trial court erred in concluding that the zoning ordinance of the City of Ladue was not arbitrary, unreasonable and unconstitutional as applied to appellants' property in that appellants' evidence successfully rebutted and overcame the presumption of validity of the city's zoning decision and that the respondent's evidence failed to make continuation of the zoning fairly debatable.

The evidence presented at trial showed a dispute between the experts as to reasonableness of the residential zoning. Appellants' experts attempted to establish that the subject property was not reasonably suited for or adaptable to residential use as required by the current zoning ordinance. Mr. Thomas McReynolds, a real estate appraiser, testified that, due to the unique topography and shape of the lots in question, as well as the proximity of Lindbergh Boulevard, it was not economically feasible to develop the subject property as it is currently zoned. Mr. McReynolds was of the opinion that it was unlikely that the property would ever be developed for residential purposes. Similarly, Richard Ward, a city planner, architect and economic development consultant, concurred in Mr. McReynolds' opinions. Both Mr. McReynolds and Mr. Ward testified that there were a number of factors which made the subject property unsuitable for residential development. The first factor relied upon in reaching this conclusion was the proximity of Lindbergh Boulevard. In addition, Mr. McReynolds and Mr. Ward testified that the unique topography of the subject property further exacerbated the development. The subject property sits approximately 25 feet higher than Lindbergh. Appellants' experts indicated that this lofty terrain would make the expense of creating a necessary screen to buffer the property from Lindbergh cost prohibitive.

Mr. Malcomb Drummond was called as a witness by the City of Ladue. Mr. Drummond has been the City of Ladue's city planner on a consulting basis since 1971. He is employed by Harland Bartholomew which did the city's original plan. It was Mr. Drummond's opinion that the residential zoning was reasonable and appropriate. He explained that the library constituted a very appropriate buffer to separate commercial from residential uses in the city; that since all commercial must end at some point it is desirable to have a public or semi-public place, such as the library, as the border. He went on to stress that a library is "very definitely" an advantage to a community. Mr. Drummond considered the three lots as very desirable since they were on high ground and therefore above Lindbergh and thus not difficult to buffer and screen.

The Zoning Commission came to the same conclusion as Mr. Drummond. Robert F. Schlafly, chairman of the City of Ladue's Zoning and Planning Commission, testified regarding the basis for the commission's decision to deny rezoning of the subject tract. Among other things, he stated that the commission gave consideration to: the need for stability of zoning in making its decision; that residential was an appropriate use of the property as the lots are larger and are at a higher elevation than are a number of other developed lots fronting Lindbergh; that other lots are being developed on Lindbergh; that residential zoning of the tract was consistent with a substantial amount of the property in the City of Ladue fronting Lindbergh; that a commercial use would have an adverse impact.

Respondent presented evidence to show the general nature of the residential development in Ladue along Lindbergh Boulevard. The evidence showed that the subject property is located next to other property zoned residential. Individual photos show details of the attractive homes that have been built along Lindbergh as it forms the western border of the city. Several of these homes have been built to the immediate south and the immediate east of the subject property.

Also, the depth of the three lots is substantial. It ranges from a minimum of 367 feet to approximately 400 feet. This means that the back of a home which is built in accordance with the city's 50 feet setback line, even if it is built 50 feet deep would be 267 feet from Lindbergh. The testimony and photos showed that these homes could be screened in that distance similar to other homes along Lindbergh. The homes could be constructed so that they would face out toward the Winding Ridge Subdivision. The rear of the homes would be almost a football field away from Lindbergh.

While appellants claim that the lots could not be sold for residential, the evidence does not reveal any bonafide attempt to market them. The original deeds to purchasers of other lots in Winding Ridge contained reference to a proposed commercial use. There apparently was never any formal listing of the lots. There was testimony about signs having been on the lots in 1971 through 1975 and vague testimony about one conversation that did not result in any formal listing with a real estate agent. There is no evidence that the conversation resulted in any effort in fact by the agent to sell the lots.

The property is listed in the name of Old Denny Joint Venture and the ability of people to communicate with that entity was apparently difficult. In that regard the record shows that after the hearing was concluded the respondent was permitted to reopen the evidence by submitting the deposition of Fayle Bujake. Mrs. Bujake stated that she made inquiries about the subject tract on two widely separated episodes occurring approximately nine years and two years before the present action was heard.

On that first occasion, after noticing the tract she tried to contact the owner, but this was difficult as the tract was not listed as Winding Ridge, the name of the road by which one obtains access to the tract. After obtaining the legal description, she wrote a letter to a trustee under whose name the property was listed. Mrs. Bujake received no response. Seven years later, she again went to the courthouse and ob-

tained a name, whom she called. The man told her the lots were available and that a $1 million sale price was expected because, as she understood him, the lots were "going commercial."

■ There was also a variance as to the value of the lots. The County Assessor has appraised the three lots in issue as having an aggregate value of $200,000 as zoned. Appellants' appraiser, Mr. McReynolds appraised the value of the subject property at between $2,000,000 and $2,250,-000 if rezoned for commercial use. Although the question of value is by no means decisive, it is an element to be considered, particularly in ascertaining the relationship of the zoning to the public welfare. *Huttig v. City of Richmond Heights*, 372 S.W.2d 833, 840 (Mo.1963). However, this does not mean that just because the land will bring a higher price if used commercially rather than residentially that the residential zoning restrictions must give way to commercial usage. *Tealin v. City of Ladue*, 541 S.W.2d 544, 549 (Mo. banc 1976).

■ As a general rule, the legislative enactment of a zoning ordinance is clothed with a presumption of validity. *Vatterott v. City of Florissant*, 462 S.W.2d 711, 713 (Mo.1971). The legislative body has the duty to determine the use classification for any particular area. Unless it appears that the determination by that body is arbitrary and unreasonable, the court cannot substitute an opinion for the council's determination. If the council's action is fairly debatable, the court cannot substitute its opinion. *Tealin v. City of Ladue*, 541 S.W.2d 544, 548 (Mo. en banc 1976).

■ We find that the property in question is residential and the refusal of respondent to rezone the lots to commercial was not arbitrary nor unreasonable. Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.