**Jay DALLEN and Mary Kay Dallen, Respondents,**

v.

**CITY OF KANSAS CITY, Missouri, Appellant.**

**No. WD 44047.**

Missouri Court of Appeals, Western District.

Sept. 3, 1991.

Application to Transfer Denied Feb. 25, 1992.

Richard N. Ward, City Atty., and Kathleen A. Hauser, Asst. City Atty., Kansas City, for appellant.

Sherwin L. Epstein, Kansas City, for respondents.

Before BERREY, P.J., and BRECKENRIDGE, J., and SHRUM, Special Judge.

BERREY, Presiding Judge.

Appellant, the City of Kansas City, challenges a judgment of the circuit court in an action for declaratory judgment and permanent injunction questioning the validity of certain zoning ordinances. Affirmed.

Appellant alleges four points of error: (1) that the trial court erred in declaring the Main Street Special Review District void because the trial court shifted the burden of proof as there is a presumption of validity which attaches to any legislative act; (2) that the trial court erred in declaring the ten foot maximum setback to be so burdensome as to be confiscatory; (3) that the trial court erred in striking the Special Review District as a whole and in failing to limit its order to the offending regulation because the remainder may stand independent of the ten foot maximum setback; and (4) that the trial court erred in denying appellant's motion for a new trial.

Respondents, Jay and Mary Kay Dallen, filed an action for declaratory judgment and permanent injunction. They challenged the validity of Sections 39.810 and 39.811 of the Kansas City, Missouri zoning ordinances. These two ordinances are enabling ordinances providing for the establishment and termination of Special Review Districts.

Pursuant to the enabling ordinance, a special review district was established along Main Street from 29th Street to 47th Street by the Fourth Committee substitute for Ordinance 59380. Respondents also challenge that ordinance creating the Main Street Corridor Special Review District (MSSRD). Ordinance 59380 provides, in pertinent part:

WHEREAS, Section 39.810 provides for the establishment of a Special Review District subject to certain conditions; and

WHEREAS, it has been determined that a Special Review District is desirable for the area along Main Street from 27th Street to 47th Street; and

WHEREAS, the designation of said District is necessary for the purposes set forth in Section 39.810; and

WHEREAS, the creation of the District is necessary for the purposes set forth in Section 39.810; and

WHEREAS, the size of the District is limited to the size necessary to effectuate the purposes of Section 39.810; NOW, THEREFORE,

BE IT ORDAINED BY THE COUNCIL OF KANSAS CITY

Section A. That Chapter 65, Revised Ordinances of Kansas City, is hereby amended by adding a new section to be known as Section 65.010A1958 rezoning an area generally bounded by 27th Street, Baltimore Avenue, Walnut Street and 47th Street to overlay District SR, Main Street Corridor Special Review District. . . .

Section B. That the Special Review Plan providing for the standards of the Main Street Corridor Special Review District is approved as follows:

*Standards and regulations*

I. *Building Considerations*

A. Any new structure shall be built with the facade covering at least 70% of the primary street frontage of any site with 100 feet or more of frontage, provided, however, that in the case of a corner lot with two primary street frontages, the 70% minimum shall apply only to the primary street of greater distance and the primary street frontage of lesser distance shall require only 25% coverage.

B. Building shall be set back no more than 10 feet from the street line, with the exception of buildings of 100 feet or more in height, which shall be set back from the street line no more than 10% of the height of the building; provided, however, this requirement shall not apply to any building used exclusively for residential use.

C. No paved surface shall occupy more than 66% of the total lot area; the remaining lot area shall be for building coverage or landscaping.

D. There shall be an interruption of the facade wall plane with entrances, windows, and/or approved design indentations at intervals of no more than 20 feet.

E. The principal building entrance shall be along or connected to the primary street frontage. The principal building entrance shall be along the primary street frontage for any building whose dimension along the primary street frontage is in excess of 100 feet.

. . .

G. Design and materials that suggest rural, rustic or non-urban characteristics shall not be permitted.

H. Roof top and other mechanical equipment shall be treated as an integral part of the building design.

II. *Site Considerations*

A. Landscaping, screening, and amenities

1. Any area between the street line and building facade shall be landscaped and improved with grass, trees, shrubs, and/or other appropriate materials.

2. Fences or walls shall be of materials and design compatible with the building; fences shall not be chain link or barbed wire.

3. Trash and garbage receptacles and mechanical equipment, including electrical transformers and other utility equipment, shall be screened with appropriate and harmonious materials.

4. No outdoor storage of any materials or items shall be permitted.

B. Circulation

1. The maximum number of driveways shall be as follows:
   1 for up to 150 feet of frontage;
   2 for 150 feet to 500 feet of frontage;
   3 for 500 feet or greater frontage;
   1 additional driveway for each additional 500 feet of frontage.

C. Parking

1. No off-street parking, loading, or service areas shall be provided between any building and the primary street line.

2. Parking, loading and service areas shall be screened from any street view with fences, walls hedges, or a combination thereof.

III. *Signage*

A. Building identification signs shall be integrated into the building design.

B. No freestanding signs shall be allowed in excess of 48 square feet nor higher than 15 feet.

C. No outdoor advertising signs shall be allowed in excess of 48 square feet nor higher than 15 feet.

D. No attached sign shall extend higher than the roofline or parapet of any building or structure.

E. No sign shall flash, blink, or fluctuate.

F. No sign shall be animated or change physical position by any movement.

G. No sign shall have a maximum gross area in excess of 5% of the total square foot area of a building wall. In multiple-story buildings the total height of the wall shall not exceed twenty feet for computation purposes.

H. In no case shall the maximum gross area of signage on the facade or any side of a building exceed 70 square feet.

I. Permitted signs not requiring design review include: directional and informational signs, sale, exchange, or lease signs, and other signs of a temporary nature. Such signs shall only be displayed on property involved and shall be limited in size to 15 square feet per sign.

Respondents are the owners of real estate used as a Phillips 66 gasoline station and car wash located within the MSSRD at the corner of 39th Street and Main Street. Respondents wished to rebuild the station in a way allowable by the underlying zoning (C–3a2) but in conflict with the provisions of the special review overlay district created by Ordinance 59380.

The trial court, after considering the facts stipulated to by the parties and the trial briefs that were filed, upheld the validity of Sections 39.810 and 39.811. The court did not, however, find Ordinance 59380 to be valid, but held it to be unconstitutional stating:

Section 39.811 prevents Special Review Districts from modifying the land use regulations for the underlying district. The Plaintiffs argue their use has been modified. The City argues that there is no modification since a new station can be constructed, as long as it is within the ten feet set back requirement. This reasoning is specious. Requiring a new service station to have it's building within ten feet of the street is clearly a modification and is impermissible *under Sec. 39.811*. The Court thus holds that the effect of Ordinance # 59380 with the ten feet setback requirement is so burdensome as to these plaintiffs as to be confiscatory. It conflicts with the enabling ordinance as well. The Ordinance is therefore held to be unconstitutional and declared invalid.

The trial court overruled appellant's motion for a new trial or for reconsideration. Appellant pointed out that the City Plan Commission, one day prior to the trial court's order, approved an exception to the MSSRD, waiving the ten foot setback and other requirements so as to allow the construction of a new facility on respondents' property. This appeal was filed challenging that part of the trial court's judgment declaring Ordinance 59380 invalid. The court's upholding the validity of Sections 39.810 and 39.811 has not been challenged.

■ Appellant claims that the trial court erred in holding the MSSRD void in that the burden of proof had been improperly shifted as there is a presumption of validity attaching to any legislative act. Appellate review of a court tried action is circumscribed by the often cited *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will not be disturbed unless it is not supported by substantial evidence, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.*

■ A zoning ordinance carries with it the presumption of validity. *Gerchen v. City of Ladue*, 784 S.W.2d 232 (Mo.App. 1989). The person challenging the reasonableness of the ordinance bears the burden of proving that it is unreasonable. *Renick v. City of Maryland Heights*, 767 S.W.2d 339, 342 (Mo.App.1989). Whether or not application of an ordinance is reasonable and constitutional as applied to a particular property depends upon the facts, circum-

stances and evidence in each case. *Loomstein v. St. Louis County*, 609 S.W.2d 443, 446 (Mo.App.1980).

A two-step analysis is required in the review of a zoning decision. First, the court must examine the evidence of the property owner to determine whether the presumption of reasonableness was rebutted. Next, the court must examine the government's evidence in order to see whether the continuation of the present zoning is an issue which is fairly debatable. *Renick v. City of Maryland Heights, supra*, 767 S.W.2d at 342.

Review of the facts in the instant case show that the burden of proof was not improperly shifted and that respondents met their burden rebutting the presumption that Ordinance 59380 was reasonable. Section 39.8111(I)(c), the underlying ordinance, states in part that, "in no event shall the District SR requirements modify the land use regulations for the underlying district." The MSSRD does not comply with § 39.811. *See State ex rel. Casey's Gen. Stores, Inc. v. City of Louisiana*, 734 S.W.2d 890, 895 (Mo.App.1987). The underlying zoning for respondents' property is C–3a2, allowing for an unrestricted use of that property so long as the requirements set forth in C–3a2 are complied with. Ordinance 59380 adds additional requirements restricting the manner in which respondents can use their property above and beyond those requirements of the C–3a2 zone.

Some of these requirements include the mandatory ten foot setback, the regulation of building materials, the parking regulations and the restrictions applying to signs, building entrances and windows. All of these requirements are confiscatory and unconstitutional. The trial judge was correct in setting aside the whole MSSRD for these reasons alone, arguing that to do otherwise would be to "bless the surviving sections with judicial approval." This he clearly could not do as such were in conflict with the underlying zoning.

Appellant claims that the issues decided by the trial court were not ripe for adjudication. Appellant's assertion misapprehends the nature of what a declaratory judgment purports to be. The fundamental requirement for jurisdiction to render a declaratory judgment is the presence of an actual, justiciable controversy between the parties as to their respective rights and duties where relief by judgment will be conclusive and determinative of the issues involved. *Wentzville Pub. School Dist. v. Paulson*, 699 S.W.2d 132 (Mo.App.1985). Where there is a dispute as to the legal rights of the parties, the violation of such rights is not a precondition to the availability of a declaratory adjudication. *Higday v. Nickolaus*, 469 S.W.2d 859 (Mo.App.1971).

As a result of the enactment of Ordinance 59380, appellant has restricted the use of respondents' property. Respondents wish to build a new gasoline service station in a way not allowable under the new regulations. Furthermore, respondents challenged the entire ordinance as facially unconstitutional. In such an action respondents are not required to file for a building permit before making their challenge. *See Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Pennell v. City of San Jose*, 485 U.S. 1, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988). It is also no answer for appellant to assert that the action was untimely because respondents had filed for a variance. The Catch–22 appellant would place respondents in remains as long as the ordinance remains on the books. Appellant's Point I is denied.

Appellant next claims that the trial court erred in declaring the ten foot maximum setback so burdensome as to be confiscatory and the MSSRD to be unconstitutional because respondents did not carry their burden of proof. An ordinance is presumed to be valid but this presumption is rebuttable and while an ordinance may be valid in its general aspects, "as to be a particular state of facts involving a particular owner affected thereby it may be so clearly arbitrary and unreasonable as to be

unenforceable." *Wilson v. City of Waynesville*, 615 S.W.2d 640 (Mo.App. 1981). The person challenging the validity of the ordinance has the burden of proving that it is unreasonable. *Id.*

Respondents have met their burden of proof as to the unreasonableness of the ordinance. The determination of reasonableness "may be based on the face of the ordinance or on a state of facts which affects its operation." *Schlett v. Antonia Fire Protection Dist.*, 685 S.W.2d 589, 591 (Mo.App.1985). The ordinance in question, Ordinance 59380 is defective both on its face and under the facts peculiar to this case.

The ten foot maximum setback is arbitrary and unreasonable insofar as it affects the use of respondents' property as a gasoline station. It is in conflict with the enabling ordinance and the underlying C–3a2 zoning. Appellant's argument that this did not limit respondents in their use since the district allows some thirty-plus uses completely ignores the practicalities of operating a gas station. By no stretch of the imagination can a gas station built within the ten foot allowance. The trial judge recognized the absurdity of appellant's argument, calling such reasoning "specious." We agree.

The ordinance is unconstitutional on its face. Many provisions are in conflict with the existing zoning and thus violative of the enabling ordinance. Many provisions are confusing and ambiguous, i.e. what exactly constitutes "rural, rustic or non-urban characteristics?" A cursory review of the other provisions for signage, parking and the like also show conflict with underlying zoning provisions. Appellant's Point II denied.

■ Appellant, in Point III, challenges the action of the trial court in striking the entire MSSRD, even if the ten foot setback is held to be confiscatory as there is no evidence that the entire ordinance would not have been passed without the maximum setback. Appellant cites *Wilson v. City of Waynesville, supra*, 615 S.W.2d at 642, for the proposition that, "[a]lthough an ordinance contains an invalid provision, the remainder of the ordinance should not be stricken down as void unless it may be found judicially that the city counsel would not have passed the entire enactment if it had known of such invalidity."

The ordinance in question has many provision intertwined with the setback provision. The setback provision states:

B. Buildings shall be set back no more than 10 feet from the street line, with the exception of buildings of 100 feet or more in height, which shall be set back from the street line no more than 10% of the height of the building; provided, however, this requirement shall not apply to any building used exclusively for residential use.

Other provisions depend upon the setback to give them meaning. The parking provision, for example, states that:

1. No off-street parking, loading, or service areas shall be provided between any building and the primary street line.

The landscaping provision states:

1. Any area between the street line and building facade shall be landscaped and improved with grass, trees, shrubs, and/or other appropriate materials.

The area referred to in these provisions is, of course, the setback area. There is no way of telling what these provisions mean without reference to some footage requirement. Appellant's Point III is denied.

Finally, appellant contends that the trial court erred in denying its motion for a new trial or reconsideration because it established that new evidence bearing directly upon the court's decision would have affected a different result. One day prior to the July 18, 1990, order the respondents were granted a partial conditional variance relieving them of the burden imposed by the ten foot maximum setback.

■ Motions for a new trial based upon newly discovered evidence are viewed with disfavor and are granted only in ex-

ceptional circumstances. *City of Eureka v. Hall*, 687 S.W.2d 917, 920 (Mo.App.1985). The decision whether to grant a new trial on the basis of newly discovered evidence rests in the sound discretion of the trial court and this decision will not be disturbed upon appeal unless an abuse of that discretion has occurred. *Fahy v. Dresser Indus., Inc.*, 740 S.W.2d 635, 643 (Mo. banc 1987). The party who is seeking a new trial has the burden of showing that the newly discovered evidence is so material that a different result would probably be had should the new trial be granted. *Id.* Appellant did not carry this burden.

The trial court held the ordinance to be unconstitutional. The grant of a partial variance to respondents does not change this result and appellant cannot demonstrate otherwise. Respondent was still subject to other provisions of the ordinance not covered by the partial variance thus the issue was not moot as suggested by appellant. Appellant's Point IV is denied. The judgment of the trial court is affirmed.

All concur.