**SUMMIT RIDGE DEVELOPMENT CO., Plaintiff–Appellant,**

v.

**CITY OF INDEPENDENCE, et al., Defendant–Respondent.**

**No. WD 44245.**

Missouri Court of Appeals, Western District.

Dec. 17, 1991.

---

W. Stephen Nixon, Independence, for plaintiff-appellant.

Joe F. Willerth, Alvin R. Lundgren, Independence, for defendant-respondent.

Before LOWENSTEIN, C.J., and FENNER, P.J., and ULRICH, J.

LOWENSTEIN, Chief Judge.

Summit Ridge Development Company (Summit Ridge) filed a declaratory judgment action against the City of Independence (City), seeking a determination that the City wrongfully denied a rezoning request by Summit Ridge. The trial court, after a hearing, entered an order dismissing Summit Ridge's petition and sustaining the City's action. Summit Ridge raises four points: the trial court erred because 1) its order of dismissal is against the weight of the evidence and is not supported by substantial evidence; 2) the City's action in denying the rezoning was arbitrary, unreasonable, and not supported by the record; 3) the existing zoning should have been declared unconstitutional, arbitrary, unreasonable and void since no effective use of the property is possible; and, 4) it failed to reopen the evidence and under Rule 73.01 allow for a recording of additional evidence.

The facts of the case are uncomplicated and without dispute. Summit Ridge owns property along 23rd Street in Independence. The bulk of this property is a shopping center zoned general commercial (C–2). However, north of its commercial property, Summit Ridge also owns a vacant parcel, the property in question, extending 125 feet into a large area zoned medium density residential (R–2). This property is landlocked on the east, north, and west by developed, residential lots, and on the south by the Summit Ridge Center. The R–2 zoning itself is in conformance with the City's Comprehensive Plan and the City's Thoroughfare Plan of 1977, which shows 200 foot corridors of commercial zoning along its major, arterial streets, of which 23rd is one, and residential, community, and recreational zoning behind these. Actually, in order to build its shopping center, Summit Ridge had previously applied for and received a rezoning of an additional 120 feet from R–2 property to C–2 on top of the 200 feet originally zoned commercial. Therefore, Summit Ridge already owns 325 feet of C–2 property, and another roughly 125 feet of R–2 adjacent to it. It was Summit Ridge's purpose to construct a 70′ × 50′ building on this vacant parcel, for storage and maintenance of parking lot and landscaping equipment, as well as for warehouse storage for Summit Ridge Center tenants.

The Independence City Code, § 14.01.-008, provides for a change in current zoning called an amendment, since it involves a change in the City's zoning map. Amendments are implemented through the passage of an ordinance by the City Council. An applicant simply files a certain form with the Planning Department of the City, pays a filing fee, and attends a Planning Department hearing. The appellant Summit Ridge followed these procedures in November of 1988. The Planning Department, as per § 14.01.008, published notice of the hearing. Though not required by the city code, notice of the hearing was also sent personally to all landowners living within 185 feet of Summit Ridge's vacant parcel. A few landowners attended the meeting, and one of them, Gordon Smith, testified. At the time of the hearing, the neighbors seemed agreeable to the proposed use of the parcel, expressing only concern over a possible worsening of the storm water problem in the area. This problem had not apparently been fully addressed at the time of the building of the Summit Ridge Center, and Summit Ridge assured neighbors that if given utility easements, pipes could be laid to correct the problem. With the understanding that further questions regarding landscaping and screening, as well as the easements, would be worked out after approval of the zoning change, the Planning Department recommended approval of Summit Ridge's proposed zoning change, made a report, and prepared a transcript and findings as required by § 14.01.008. The record was then presented to the City Council, which set a hearing. Of importance to this appeal is the provision in § 14.01.008 which allows presentation to the Council of only evidence not presented at the Planning Department hearing nor reasonably available at that time.

At the City Council meeting regarding the ordinance implementing the proposed zoning amendment, several of the Council members spoke against the change. One mentioned that the rezoning was contrary to the Comprehensive Plan, and that changes should be in the public's, not the developer's interest; she did not find this change to be in the public interest. Another member indicated that this parcel was in his district, and he had received several calls from residents in the area worried about storm water problems. He further stated that he did not feel that Summit Ridge's plan would rectify these problems, and that the rezoning was against the Comprehensive Plan, and that he would vote no because of citizen opposition. A third Councilmember noted this rezoning would add 125 feet in depth to what is already in excess, due to the previous rezoning, of the Comprehensive Plan's 200 foot commercial corridor. The City Council voted unanimously to deny the rezoning.

Summit Ridge then filed this declaratory judgment action. The trial court entered an order sustaining the City's denial of rezoning, and dismissing Summit Ridge's petition. The trial court found that the City did not act in excess of its authority, the evidence before the City was adequate to support its decision, and that the City's decision was not arbitrary or capricious.

### The City's denial of rezoning

 Summit Ridge's first and second points on appeal are virtually identical, since both focus on the City's · denial of rezoning. Summit Ridge first argues that the trial court erred in dismissing its petition for declaratory judgment, because the order was not supported by substantial evidence, and was against the weight of the evidence. In its second point, Summit Ridge maintains that the trial court erred in not declaring the City's decision to be arbitrary, unreasonable, and not supported by the "record." Since the decision of the trial court is only against the weight of the evidence if that evidence points toward arbitrary or unreasonable action by the city, both points are addressed as one. Further-

more, the same standard of appellate review applies to each.

Summit Ridge's disagreement with the City's action involves two separate arguments, the first being that the City's denial of re-zoning was arbitrary and unreasonable. The second is that the city council could consider only the "record" made before the Planning Commission, which recommended approval of the rezoning, claimed to address the storm water problem, and lacked citizen opposition.

 Appellant Summit Ridge gravely misconstrues the fundamental purpose of legislative action as well as the judicial review of legislative action in this state. Initially, a summary of zoning law is as follows: 1) the power to regulate land use is based upon state police power delegated through enabling acts, *McCarty v. City of Kansas City*, 671 S.W.2d 790, 793 (Mo.App. 1984), and the "exercise of the zoning powers delegated to cities including the enactment of ordinances amending the comprehensive plan is a legislative function," *Strandberg v. Kansas City*, 415 S.W.2d 737, 742 (Mo. banc 1967); 2) a court may reverse legislative acts only if arbitrary and unreasonable, *City of St. Joseph v. Hankinson*, 312 S.W.2d 4, 8 (Mo.1958), meaning that the decision is *not* "fairly debatable," *Binger v. City of Independence*, 588 S.W.2d 481, 485 (Mo.Banc 1979); 3) zoning and re-zoning are subject to this standard of judicial review, *Tealin Co. v. City of Ladue*, 541 S.W.2d 544, 548 (Mo. banc 1976); 4) a presumption of validity clothes zoning and refusal to re-zone, *Vatterott v. City of Florissant*, 462 S.W.2d 711, 713 (Mo.1971), and the petitioner has the burden of proof of unreasonableness, *Tealin Co.* at 548.

 The trial court found the City's action to not be arbitrary or capricious. This court must follow *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), which applies to appellate review of a legislative act, *Temple Stephens Co. v. Westenhaver*, 776 S.W.2d 438, 440 (Mo.App.1989). Under the standard, this court holds that the trial court's finding of a fairly debatable question is neither against the weight of the

evidence, nor unsupported by substantial evidence. The evidence before the trial court was more than sufficient for it to find a fairly debatable question within the prerogative of the legislative body to decide: the residential character of the surrounding area, the City's prior designation of the area as residential under the 1977 Comprehensive Plan, the storm water problem, citizen opposition, and, at the bidding of Summit Ridge, the significant (approximately 250 feet) incursion into a residential district beyond the Comprehensive Plan's commercial corridor. Summit Ridge has presented no facts showing lack of a fairly debatable exercise of authority, *Ohmes v. Lanzarini,* 720 S.W.2d 425, 427 (Mo.App. 1986). Summit Ridge's claim that its parcel is landlocked and so an impractical lot for residential purposes does not remove the legislative act from within the purview of "fairly debatable."

■ However, Summit Ridge contends that the City also acted arbitrarily and unreasonably in that it considered evidence "outside the record" made by the Planning Commission, and by voting against the rezoning based upon "personal impressions and opinions." If appellant's point is true, then there would be no need for the City Council to even address zoning changes, for the decision of the Planning Commission would be final and binding on the Council. However, the City Council has the policy making responsibility for the City, and is directed by the zoning enabling act to consider the health, welfare, and morals of the community which they serve, § 89.020, RSMo 1986. On the other hand, the planners are simply consultants without public accountability, there to aid the council in making the policy decisions that come with elected office.

■ Summit Ridge's uncompromising interpretation of the City's § 14.01.008, that constituents should be prevented from contacting their Council person on matters of neighborhood concern is denied outright. The provision limiting new evidence before the Council is designed to cut down on the time involved in formal presentations before the Council, and to see that relevant information is presented as soon as possible. The fact that a formal presentation of citizen opposition was not included in the Planning Commission's record does not preclude the Council from hearing and responding to citizen input.

■ The City did not act arbitrarily or unreasonably under the standard of review relating to legislative action. The City Council members were not precluded from voting against the rezoning purely due to citizen input, which in fact was not even the case here. The City also looked at the Comprehensive Plan and the practical difficulties, in addition to citizen opposition, and decided to deny the re-zoning. Summit Ridge's point on appeal is denied. Since the City acted legislatively on a fairly debatable position, the trial court had no choice but to deny Summit Ridge relief. There was substantial evidence for the trial court's order, and that point on appeal is denied.

*Effective use of the parcel*

■ Summit Ridge next argues that the trial court erred in not declaring the existing R–2 zoning of the parcel unconstitutional, arbitrary, unreasonable and void because Summit Ridge can make no effective use of its property under R–2 zoning. Its point is the parcel is landlocked, without access to a public street except through the center's parking lot, and appropriate only for a warehouse facility. This court does not agree.

■ First, when Summit Ridge bought the property in question, it was zoned R–2, and sandwiched between commercial and other R–2 lots. There is no evidence in the record as to why those previously existing R–2 lots, which apparently had been part of a platted subdivision, no longer have street access, if they ever did. Furthermore, the southern half of the lots in question had been re-zoned at Summit Ridge's request in order to construct the Summit Ridge Center. If this further landlocked the parcel, then Summit Ridge, not the City, is to blame. A decrease in monetary value alone is not a basis for declaring a zoning

designation as void, *Bowman v. Greene County Com'n,* 732 S.W.2d 223, 226 (Mo. App.1987), and although Summit Ridge's current R–2 zoning may make it commercially inconvenient for R–2 purposes, that is not a basis for rezoning, *see Gerchen v. City of Ladue,* 784 S.W.2d 232, 235 (Mo. App.1989) ("because the land will bring a higher price if used commercially rather than residentially" does not mean residential must give way to commercial zoning), and *Tealin Co. v. City of Ladue,* 541 S.W.2d 544 (Mo.1976) (lot worth $12,000 as residential and $97,000 as commercial not basis for rezoning). Summit Ridge points out no physical drawback to the site which makes it impractical for building, or any surrounding undesirable conditions which make the residential character of the site unreasonable, *compare Despotis v. City of Sunset Hills,* 619 S.W.2d 814, 820 (Mo.App. 1981) (frontage on heavily trafficked road, adjacent commercial property, block split into commercial and residential; rezoning to commercial reasonable), and *Loomstein v. St. Louis County,* 609 S.W.2d 443, 451 (Mo.App.1980) (lot surrounded on two sides by commercial zoning, heavy traffic; rezoning to commercial reasonable). As the Planning Director for the City testified, Summit Ridge could purchase an adjacent lot with street access, or sell the parcel to an adjacent residential owner. These options, however unlikely, leave Summit Ridge with some monetary value to the property, and hence no suggestion of unconstitutionality exists.

*Trial court's failure to re-open evidence*

The final point is the trial court erred in not re-opening the case to hear evidence on approval of re-zoning to a more intensive use to the south of Summit Ridge Center. This evidence purportedly would have shown a different result. The trial court has discretion to re-open a case to hear additional evidence, *In Interest of S G. G,* 779 S.W.2d 45, 54 (Mo.App.1989), and the standard of review of such actions is therefore an abuse of discretion. Even had the court re-opened the case, the actions of the City in a separate, legislative re-zoning are not binding on a court. There is there-fore no suggestion of abuse of discretion, and the point is denied.

The judgment is affirmed.