# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-1790
_____

Spire Missouri, Inc.; Associated Electric & Gas Insurance Services, Limited;
Energy Insurance Mutual Limited

*Plaintiffs - Appellants*

v.

USIC Locating Services, LLC

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 14, 2021
Filed: September 1, 2021
_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

After a massive natural-gas explosion, the question is who pays—the gas company or the service it hired to locate and mark its underground gas lines? Under Missouri's anti-indemnification law, the answer depends on who is at fault, not how the parties have allocated risk in their contract. *See* Mo. Rev. Stat. § 434.100.1. We

reject Spire's argument to the contrary and agree with the district court[1] that the utility-locating service is entitled to summary judgment.

## I.

While installing fiber-optic cable for a nearby building, a third-party contractor drilled into a gas line, which triggered a series of events that led to an explosion. One person was killed, others were injured, and surrounding buildings sustained significant damage.

Multiple lawsuits were filed against the gas company, Spire Missouri, Inc.,[2] and the utility-location service it used, USIC Locating Services, LLC. Spire's position was that the parties' contract put all the financial responsibility for the explosion on USIC, regardless of who was at fault. USIC, by contrast, took the view that it was responsible for only its own negligence, both under the contract and Missouri's anti-indemnification statute. Over the next few years, Spire unilaterally settled dozens of claims for roughly $75 million.

Spire and its insurers then turned to USIC for full indemnification. They also sought a declaratory judgment that USIC would be liable for all future settlements as well, without regard to fault. On cross-motions for summary judgment, the district court sided with USIC. In its view, USIC was not responsible under the contract for Spire's negligence, and even if it was, shifting responsibility in this way violated Missouri's anti-indemnification statute.

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

[2]The gas company was previously named Missouri Gas Energy, but for simplicity's sake, we will refer to it as Spire throughout.

## II.

Construction can be dangerous business, and courts are often tasked with determining who bears the risk of loss when something goes wrong. In Missouri, a statute prohibits those engaged in "public or private construction work" from "agree[ing] to indemnify or hold harmless" anyone else for their "own negligence or wrongdoing." Mo. Rev. Stat. § 434.100.1. Any attempt to do so is, in the statute's words, "void as against public policy and wholly unenforceable." *Id.*

Spire seeks full indemnification from USIC under the parties' contract, regardless of its "own negligence or wrongdoing." *Id.* Spire's view is that Missouri's anti-indemnification law does not apply because USIC was not engaged in "construction work"; it just marked the location of gas lines for others performing excavation. *See* Mo. Rev. Stat. § 319.030.1 (requiring owners and operators of buried pipelines and other "underground facilit[ies]" to "inform the excavator as promptly as practical . . . of the approximate location of underground facilities in or near the area of the excavation"). The Missouri Supreme Court has neither confronted a situation like this one nor interpreted the anti-indemnification law, so our task "is to predict what it would do." *Ideus v. Teva Pharms. USA, Inc.*, 986 F.3d 1098, 1101 (8th Cir. 2021).

Fortunately, the anti-indemnification law itself tells us what is included under "construction work." The statutory definition lists, among other activities, "the maintenance . . . of any . . . pipeline." Mo. Rev. Stat. § 434.100.3. As the Missouri Supreme Court has recognized in another context, "maintenance" involves "the labor of keeping something in a state of repair or efficiency." *Brawley v. McNary*, 811 S.W.2d 362, 367 (Mo. banc 1991) (quoting *Webster's Third New International Dictionary* 1362 (1976)).

We must determine whether the type of work USIC was doing involved "maintain[ing]" a "pipeline." According to the parties' contract, once Spire received

-3-

"a request to locate [its] underground facilities within a specified excavation area," USIC would "locate and mark" them on Spire's behalf.  The entity "engaged in the excavation work" could then move on with its project without damaging Spire's gas lines or causing an interruption in service.  Mo. Rev. Stat. § 319.030.1.

Trying to protect gas lines by marking and flagging them keeps them "in a state of repair or efficiency."  *Brawley*, 811 S.W.2d at 367 (quotation marks omitted).  In *Brawley*, the "levee, relief wells[,] and pumping station" were there to stop flooding, which was part of "maintain[ing]" an expressway.  *Id.* ("[I]t is beyond cavil that the flood control measures . . . keep the expressway in a state of repair and efficiency.").  If preventing flooding qualifies as "maintenance," then so too does preventing damage to gas lines from excavation activities.  After all, as the facts of this case show, the gas lines cannot be in "a state of repair or efficiency" after a third-party contractor has damaged them.  *Id.* (quotation marks omitted).

Nor are we persuaded by Spire's argument that USIC never actually constructed anything.  Whatever the common and ordinary meaning of "construction work" may be, Missouri's statutory definition has supplanted it.  *See Iverson v. United States*, 973 F.3d 843, 847 (8th Cir. 2020) ("When a statute includes an explicit definition, we must follow that definition, even if it varies from th[e] term's ordinary meaning." (quoting *Stenberg v. Carhart*, 530 U.S. 914, 942 (2000))); *State ex rel. Burns v. Whittington*, 219 S.W.3d 224, 225 (Mo. banc 2007) (explaining that "the plain and ordinary meaning of a term" only comes into play "[i]n the absence of statutory definitions").  So even if Spire is right that "construction work" does not ordinarily include marking and flagging the location of gas lines, it makes no difference here because Missouri has adopted a broader definition.[3]  Mo. Rev. Stat.

---

[3]Indeed, the statutory definition of "construction work" specifically lists other activities that do not require actual construction.  Appearing in a catch-all clause are "surveying, design, engineering, planning or management services, or labor, materials or equipment, in connection with such work."  *Id.* § 434.100.3.

§ 434.100.1, .3. For that reason, Spire cannot seek indemnity for its "own negligence or wrongdoing." *Id.* § 434.100.1.

## III.

We need not say more because Spire has taken an all-or-nothing approach: USIC must provide complete indemnification, regardless of who was at fault. So we express no opinion on whether Spire or USIC was *in fact* negligent. Nor do we have to determine whether the parties' contract *actually* requires USIC to indemnify Spire for its own negligence. If it does, then Missouri's anti-indemnification law kicks in. If not, then USIC had no contractual obligation to fully indemnify Spire in the first place. Either way, USIC was entitled to summary judgment.

## IV.

We accordingly affirm the judgment of the district court.

_____